**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
Wheeling

**ROBERT T. TURNER,**

        Petitioner,

v.                                           **Civil Action No. 5:22-CV-197**
                                                            Judge Bailey

**R.M. Wolfe,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

On August 17, 2022, Robert T. Turner, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction from the Southern District of Illinois. On September 26, 2022, petitioner paid the $5 filing fee. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

**II.     BACKGROUND**[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket. See ***United States v. Turner***, 4:17-cr-40035-JPG (S.D. Ill. 2017). ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On June 6, 2017, a three-count Indictment was filed in the United States District Court for the Southern District of Illinois, against the petitioner. Counts 1 and 2 charged him with Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count 3 charged him with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1).

On October 19, 2017, before United States District Judge Gilbert, petitioner entered a plea of guilty to Counts 1, 2, and 3 of the Indictment pursuant to a written, binding Rule 11(c)(1)(C) Plea Agreement. On February 9, 2018, petitioner was sentenced for 264 months on each of Counts 1, 2, and 3 of the Indictment. All counts were ordered to run concurrently. Petitioner was remanded to the custody of the United States Marshal.

On February 14, 2018, the petitioner filed a Notice of Appeal to the Seventh Circuit. On December 11, 2018, the appeal was dismissed. Petitioner stated that he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, labeled as "Motion for Reconsideration," which was denied on June 7, 2022. Since then, the petitioner filed a motion for an order directing an immediate return of property, motion for an order directing prosecutors to provide a copy of exhibit #2, motion for reconsideration, and motion for new trial, all of which have been denied. On May 26, 2022, petitioner filed a motion for sentencing transcripts, which is still pending.

### III. STANDARD OF REVIEW

A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and

recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in **Neitzke** recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when **Neitzke** was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Id*. at 327.

Even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV.   CLAIMS OF THE PETITION

In his Petition, petitioner states three grounds. First, petitioner asserts that he is innocent of the sentence imposed, which was incorrectly based on non-qualifying predicates used to support a career offender enhancement to the offense of the conviction. Specifically, he states that current jurisprudence establishes that petitioner's prior State of Illinois drug convictions no longer qualify as predicates for purposes of enhancing his sentence under 21 U.S.C. § 851, or U.S.S.G. § 4B1.1 as they do not match the federal counterpart for a Controlled Substance. He asserts that his sentence of 262 months[3] exceeds the statutory maximum of 240 months, thus it is an illegal sentence that requires resentencing. Second, petitioner argues that his guilty plea was not voluntarily,

---

[3] Petitioner's criminal docket, **United States v. Turner**, 4:17-cr-40035-JPG (S.D. Ill. 2017), shows that on February 9, 2018, petitioner was sentenced to 264 months on Counts 1, 2, and 3 of the Indictment to run concurrently, not 262 months as petitioner states in his Petition.

4

intelligently, or knowingly made because it was coerced by telling him that if he failed to plead guilty then a life sentence could be imposed if a jury trial was held and he was found guilty.  Third, petitioner states that his initial arrest on state charges was unlawful because all of the evidence and statements associated with that arrest were illegally obtained.  He asserts that the arrest was illegal because there was a twelve-day delay before he was arraigned in state court.

## V.    APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention.  However, the two sections are not interchangeable.  Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of the conviction.  **Rice v. Rivera**, 617 F.3d 802, 807 (4th Cir. 2000); **In re Vial**. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals.  Id. § 2255(h).  Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court."  Id.

5

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. *Fontanez v. O'Brien*, 807 F.3d 84, 85 (4th Cir. 2015). In *O'Brien v. Moore*, 395 F.3d 499, 505 (4th Cir. 2005), the Court noted that the "'essence of habeas corpus is an attack by a person in custody upon the legality of that custody' and 'the traditional function of the writ is to secure release from illegal custody.'" *Obando-Segura v. Garland*, 999 F.3d 190, 194 (4th Cir. 2021), quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;

to raise the issue on direct appeal. *In re Vial*, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**. *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Where, as here, a petitioner is challenging the legality of his **conviction**, § 2255 is deemed to be "inadequate or ineffective" only when all **three** of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.  The Fourth Circuit has found that the savings clause may apply to certain sentencing challenges.  It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d at 423–26.

Although petitioner does not raise the savings clause, it is clear he is not entitled to its application.  Petitioner challenges the validity of both his conviction and sentence, rather than the execution of his sentence.  As such, he must meet the *Jones* test insofar as he challenges his conviction or the *Wheeler* test for his challenge to his sentence in order to bring these challenges under § 2241.

## VI.   ANALYSIS

As an initial matter, the Court notes that *Jones* and *Wheeler* provide the applicable tests for determining whether petitioner can meet the savings clause of § 2255.  It is clear

8

that petitioner is not entitled to the application of § 2255's savings clause. First, to the extent that petitioner is arguing that his conviction is invalid, petitioner is unable to meet all three prongs of the *Jones* test to challenge his conviction. Second, with respect to the challenge of his sentence, petitioner does not meet all four elements of the *Wheeler* test. Thus, this Court does not have jurisdiction to hear any of his challenges on their merits.

In this case, even if petitioner satisfied the first and the third elements of *Jones*, he cannot meet the second prong. The crimes for which petitioner was convicted, Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) violation, remain criminal offenses. Therefore, he cannot satisfy the second prong of *Jones*.

Petitioner fails to establish that he meets the *Jones* requirements, he has not demonstrated that a § 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause. Accordingly, this Court is without jurisdiction to consider his Petition on that ground.

Similarly, to the extent petitioner is challenging his sentence, he must meet all four prongs of the *Wheeler* test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if the petitioner met the first, second, and third prongs of *Wheeler*, he cannot meet the fourth prong. The Fourth Circuit has held that, "prong four of *Wheeler* demonstrates that the date of retroactivity is the trigger for savings clause relief. That requirement states, 'due to this *retroactive change in settled law*, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.' It is the *retroactive* change, not just the change, in settled law that renders the sentence

fundamentally defective." **Braswell v. Smith**, 952 F.3d 441, 448 (4th Cir. 2020) (quoting **Wheeler**, 886 F.3d at 429).

Petitioner argues that **U.S. v. Oliver**, 987 F.3d 794, 806 (8th Cir. 2021) makes his sentence illegal. **Oliver** is not relevant to this case because it has no retroactive applicability. For this reason, petitioner cannot satisfy the fourth **Wheeler** prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because petitioner cannot satisfy the savings clause of § 2255(e) under **Wheeler**, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VII.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** November 21, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE